# CURRENT OHIO COURT of APPEALS CASES
## Weekly Advance Abstract Opinions

## EPITOMIZED OPINIONS
### Published only in the Abstract

No. 387
ROSCOE et v. BREWER et.
Ohio Appeals, 6th Dist., Lucas Co.
No. 1844. Decided March 14, 1927

147. BILLS & NOTES—Acceptance—Evidence that drawee received and retained an order without communicating to the payee his intention as to whether or not he would accept it, does not constitute an acceptance by the drawee.

2. Fact that payee sent order to drawee by mail could not impose upon the latter the obligation to return the order or to notify the payee of his refusal to accept it.

First Publication of this Opinion

WILLIAMS, J.

Ezra and Bertha Roscoe began an action against Robert Brewer and Archie Bumpus in the Toledo Municipal Court and judgment was rendered in favor of the plaintiffs against both defendants.

Bumpus took an appeal to the Lucas Common Pleas where the case was tried upon the second cause of action of the petition, which set forth that Brewer was an employee of Bumpus and while so employed gave to plaintiffs an order upon Bumpus; that plaintiffs delivered the oredr to such defendant who accepted same and thereafter refused to pay plaintiffs any sum whatever on said order. The Common Pleas directed a verdict in favor of Bumpus and entered judgment for costs thereon.

Error was prosecuted by the Roscoes and the Court of Appeals held:

1. An order drawn on a debtor for a part of the funds in his hands and unaccepted by him, does not operate as an assignment of a part of the fund as against the drawee so that an action for a money judgment may be brought on the order by the payee against the drawee.

2. The drawee of the order cannot split up his right of action for wages by issuing an order for less than the amount of the whole indebtedness and compel the drawee to pay it.

3. The assignment of part of a right of action is not binding on the debtor unless assented to by him. Railway Co. v. Volkert, et. 58 OS. 362; 369; Railway Co. v. Supply Co. 6 C. C. N. S. 429.

4. Evidence that drawee received and retained order without communicating to the payee his intention as to whether or not he would accept it and that drawee told drawer he would pay it in a few days, does not tend to show an acceptance.

Judgment affirmed.

(Richards & Lloyd, JJ., concur.)

Attorneys—Marion W. Bacome for Roscoe et; Fritsche, Kruse & Winchester for Brewer et; all of Toledo.

No. 388
CRARY, Exrx. v. WARD
Ohio Appeals, 1st Dist., Hamilton Co.
No. 2958. Decided March 7, 1927

480. EVIDENCE—Not necessary to introduce in evidence a verified claim, when executrix in her answer admits having rejected same.

First Publication of this Opinion

PER CURIAM.

Phoebe Ward brought an action against Kate Crary in the Hamilton Common Pleas, as executrix of the estate of Ben Crary, to recover money claimed to have been loaned to the deceased during his life time. The petition set forth that the claim was duly verified and presented to the executrix and rejected by her. The answer admits this but sets forth that part of the claim is barred by the statute of limitations. That portion claimed to be barred was withdrawn from consideration of the jury, which found for Ward, and judgment was entered accordingly.

Error was prosecuted by the executrix and it was claimed that the judgment is against the weight of the evidence; that the court erred in allowing proof of claim in evidence; and error in refusing to admit certain evidence. The Court of Appeals held:

1. Ward introduced sufficient evidence to fully support her claim; and no evidence was introduced by Crary in defense of said claim.

2. The answer to the petition admitted that the claim was rejected. I was not necessary to introduce in evidence the verified claim since it was admitted in the pleading; but when it was offered no objection was made.

3. Inasmuch as the defendant failed to reserve any exceptions to the rulings of the court in refusing to allow certain answers of two of her witnesses, error is not properly raised.

Judgment therefore affirmed.

(Hamilton, PJ., Cushing and Buchwalter, JJ., concur.)

Attorneys—Buchwalter, Headley & Smith for Crary; Gallagher & Dorr for Ward; all of Cincinnati.